UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTEL, INC.,

                      Plaintiff,                     18-cv-7896 (PKC)

      -against-                               OPINION
                                                    AND ORDER

UENJOY LIMITED LIABILITY COMPANY,
WANG XIAOWEI, POWER IN CLOUD, INC.,
and COMPANY ABC NOS. 1-9 DOING
BUSINESSUNDER A NAME CONTAINING
THE WORD "UENJOY" INCLUDING
"UENJOY DIRECT,"

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Mattel, Inc. ("Mattel") commenced this action on August 29, 2018, alleging infringement of its POWER WHEELS trademark in violation of the Lanham Act, 15 U.S.C. § 1114.  (Compl. (Doc 1).)  Corporate defendants are entities located in the People's Republic of China that sell children's ride-on toy vehicles,[1] and Mr. Wang is the owner and largest shareholder of Uenjoy.  (Defs. Mem. Law (Doc 86) at 2-4; Second Amended Compl. (Doc 42) ¶¶ 6-9.)  Defendants sell their products online, including on Amazon and Walmart.com, and used the term "power wheels" in their online marketplace listings.  Defendants did not answer the initial or amended complaints in this action, and plaintiff moved for default judgment on July 16, 2019, which the Court later granted.  (Doc 68; Doc 75.)  The same day the default judgment was docketed, counsel for defendants entered a notice of appearance.  (Doc 76.)

---

[1] The Court notes that defendants claim that Uenjoy Limited Liability Company is a nonexistent entity, and that the "company that actually sells ride-on toys under the brand name 'Uenjoy' is a Chinese entity alternatively called Yun Dong Li (Tianjin), Power In Cloud (Tianjin) E-Commerce Co., Ltd, and Cloud Dynamics (Tianjin) Electronic Commerce Ltd."  (Doc 86 at 2.)  The Court follows defendants' brief in referring to this entity as "Uenjoy" for the sake of clarity.

Defendants now move to vacate the default judgment pursuant to Rules 55(c) and 60(b), Fed. R. Civ. P. (Doc 84.) For the reasons explained, defendants' motion will be denied.

BACKGROUND

Mattel manufactures children's ride-on toy vehicles, branded using its registered POWER WHEELS trademark. (Doc 42 ¶¶ 11-14.) The POWER WHEELS mark was registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") as Registration Nos. 1,347,017; 1,671,657; 2,043,428; and 5,504,969. (Id. ¶ 12; id. Exs. A-D.) Mattel alleges that defendants engaged in the unauthorized use of the POWER WHEELS mark on their own children's ride-on toys in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125. (Id. ¶¶ 15-51.) Specifically, the Second Amended Complaint ("SAC") states four causes of action: trademark infringement, trademark counterfeiting, false designation of origin, and trademark dilution. (Id. ¶¶ 19-51.)

Defendants also sell children's ride-on toy vehicles, and used "power wheels" in their item listings on Amazon, Walmart.com, and the website www.uenjoy.us. (Pl. Mem. Law (Doc 89) at 21.) General Manager of the Uenjoy division responsible for battery-powered ride-on toys, Jacob Wang, states that Uenjoy added the term "power wheels" to its Amazon listings in January 2018. (Wang Decl. of Sept. 13, 2019 (Doc 85) ¶ 14.) On July 25, 2018, plaintiff's counsel sent a cease and desist letter to the email address fayqing@hotmail.com, which is the email address listed as the registrant for the domain uenjoy.us. (Scileppi Decl. of July 16, 2019 (Doc 71) ¶¶ 5-6.) Mattel never received a response to this letter. (Id.) Defendants contend that the fayqing@hotmail.com email address belongs to defendant Wang's wife, and while listed for the registrant of the Uenjoy website, is not affiliated with Uenjoy's business and is not monitored. (Doc 85 ¶ 10.) Wang Qing, defendant Wang's wife, submitted a declaration stating

that the fayqing@hotmail.com email address is hers, she has not used it since mid-2017, and she has not authorized anyone at Uenjoy to use or access the account.  (Wang Qing Decl. of Oct. 4, 2019 (Doc 92).)

On August 20, 2018, Amazon sent Uenjoy a "general infringement notice" asking Uenjoy to modify its listings.  (Doc 85 ¶ 15.)  Wang states that Uenjoy did not "know the cause of the alleged infringement" based on this notice, but instead "guessed at ways to resolve the issue . . . ."  (Id. ¶ 16.)  Mattel commenced this action on August 29, 2018.  (Doc 1.)  Amazon sent Uenjoy a second infringement notice the next day, August 30, 2018, which explicitly mentioned Uenjoy's use of the term "power wheels" in its listings.  (Doc 85 ¶ 17.)  Wang states that Uenjoy was unaware of the POWER WHEELS mark until this second Amazon notice.  (Id.)

In early September 2018, "a former representative" of a "Chinese brand agency" called Zhong Yu Wei Sheng informed Jacob Wang of the Mattel lawsuit against Uenjoy, transmitting a copy of the complaint.  (Doc 85 ¶ 19-20.)  The former representative was Yuan Hongmei but used the English name "Sarah."  (Id. ¶ 20.)  "Sarah" was no longer working for the brand agency and went to work in some unspecified capacity for a law firm called Heng Du, located somewhere in China.  (Id.)  Wang asked "Sarah" whether Uenjoy should hire an attorney in the United States to answer the complaint, and what the attorney's fee would be.  (Id., Ex. C.)  Wang further stated: "The notice we received from you, is not official. Legally, we don't have to react immediately. Is that right?"  "Sarah" responded: "Yes."  (Id.)  Apparently relying on this advice from "Sarah," defendants did not answer the complaint.

On October 24, 2018, the Court entered an Order to Show Cause for an Order of Attachment and Temporary Restraining Order.  (Doc 14.)  Mattel attempted to serve defendants via FedEx at the following address (the "Room 2036 Address"):

- 3 -

        Room 2036, Building A8, Zone A
        Konggang Guojizongbu Jidi
        Hangshuang Road
        Tianjin, 300000
        CHINA

(Cert. of Service (Doc 15).) According to the certificate of service, FedEx informed plaintiff "that the address appears to be incorrect." (Id.) Defendants state that this has never been Uenjoy's address, that Uenjoy was once located in Room 2011 of this building, but has not been there since 2016. (Doc 85 ¶ 5.) Mattel also sent a copy of the papers to defendants at fayqing@hotmail.com. (Doc 15.)

        The Court entered an order of attachment on November 5, 2018, temporarily restraining Uenjoy's Amazon funds in the amount of $344,457.25. (Doc 25.) The same day, Mattel filed its amended complaint adding defendants Company ABC Nos. 1-10. (Doc 21.) Also on November 5, the Court entered a Further Order to Show Cause for an Order of Attachment and Temporary Restraining Order as to the added defendants. (Doc 26.) Mattel served defendants on November 6 with the Further Order to Show Cause for an Order of Attachment and Temporary Restraining Order, Order of Attachment, and documents in support thereof, via Federal Express to "Company ABC Nos. 1-10 'Uenjoy'" at the Room 2036 Address and also via email at fayqing@hotmail.com. (Cert. of Service (Doc 28).) On November 20, 2018, the Court entered an Order attaching $32,842.99 in funds held by Walmart belonging to defendant Power in Cloud, Inc.'s ("PIC").[2] (Doc 32.)

        Mattel amended its complaint a second time on December 3, 2018. (Doc 42.) On December 18, 2018, Mattel's counsel sent a copy of the SAC and other materials to defendants via email at fayqing@hotmail.com. (Doc 71 ¶ 9.) The next day, Mattel's counsel also sent these

---

[2] Defendants state that PIC now operates as "Western Post US." (Doc 86 at 3-4.) Because the named defendant in this suit is PIC, the Court refers to it as such here.

documents via mail to serve Uenjoy in China pursuant to the Hague Convention.  (Id. ¶ 10.) When Mattel's counsel followed up with the Ministry of Justice of China, they were informed that the case was "received and registered with the above number. The case[] [has] been transferred to our Supreme Court for further process."  (Scileppi Decl. of June 21, 2019 (Doc 60), Ex. C.)  The Ministry of Justice of China has not provided Mattel with a certificate of service, or any other "substantive update" on service of defendants Uenjoy or Wang.  (Id. ¶ 12.)

Mattel served the SAC on defendant PIC at its California warehouse on January 3, 2019.  (Aff. of Service (Doc 56).)  Service was accepted by warehouse manager Le Choi.  (Id.) PIC never answered the complaint.

On June 19, 2019, the Court entered an Order to Show Cause and Order Authorizing Service of Process by Alternate Means.  (Doc 58.)  The Order required defendants Uenjoy and Wang to show cause why an order pursuant to Rule 4(f)(3), Fed. R. Civ. P. should not be entered deeming Mattel's service of process to the fayqing@hotmail.com email address sufficient, and authorized Mattel's service via that email address.  (Id.)  On June 21, 2019, Mattel filed an affidavit of service that it complied with the Court's June 19 Order.  (Doc 62.)

On July 16, 2019, Mattel moved for default judgment against Uenjoy and PIC. (Doc 68.)  Mattel served these papers on defendants via FedEx and email.  (Cert. of Service (Doc 74).)  Approximately two weeks later, on July 31, 2019, Biao Peng of Uenjoy emailed counsel for Mattel concerning this lawsuit.  (William Dunnegan Decl. of Sept. 27, 2019 (Doc 90), Ex. A.)  Peng stated:

> I'm contacting you because we received an E-mail from Amazon, which noticed us:
> 'You are currently facing a lawsuit filed by Mattel, Inc. in federal court in the Southern District of New York, Case No. 18 Civ. 7896 (PKC). Please contact Mattel's legal counsel'

> We did a search on google.com and find out that there is a lawsuit we need to answer.

(Id.) In the ensuing email exchange that day, Mattel's counsel repeatedly instructed Uenjoy to consult with its attorney. (Id., Exs. B-D.)

On August 2, 2019, the Court granted Mattel's motion for default judgment and permanent injunction against Uenjoy and PIC, entering judgment against these defendants jointly and severally in the amount of $680,567.50. (Doc 75.) This figure represented statutory damages in the amount of $600,000, plus attorneys' fees in the amount of $80,567.50. (Id.) The judgment further ordered Amazon and Walmart to transfer the funds each was holding in Uenjoy and PIC's respective accounts to Mattel's counsel, but if Mattel's counsel received more from Amazon and Walmart than the amount of the judgment, Mattel's counsel would return any excess funds to Amazon and/or Walmart. (Id.)

The Court's entry of default judgment was docketed on August 5, 2019. The same day, counsel for defendants entered an appearance. (Doc 76.) Approximately five weeks later, on September 13, 2019, defendants moved to vacate the default judgment. (Doc 84.)

DISCUSSION

   A.  <u>The Default Judgment is Not Void</u>

Defendants contend that the default judgment is void pursuant to Rule 60(b)(4), Fed. R. Civ. P. because service of process never actually occurred, and therefore, that the Court lacked personal jurisdiction over defendants. Defendants bear "the burden of establishing lack of personal jurisdiction" on a challenge to a default judgment pursuant to Rule 60(b)(4), Fed. R. Civ. P. <u>"R" Best Produce, Inc. v. DiSapio</u>, 540 F.3d 115, 126 (2d Cir. 2008); <u>Burda Media, Inc. v. Viertel</u>, 417 F.3d 292, 299 (2d Cir. 2005) ("[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original

proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur.").

Rule 60(b)(4), Fed. R. Civ. P. "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). In Espinosa, the Supreme Court concluded that a bankruptcy court's judgment confirming respondent-debtor's Chapter 13 plan was not void under Rule 60(b)(4) where petitioner was not served with a summons and complaint, but had "actual notice" of the filing. Id. at 272 (emphasis in original). The Court there noted that "United could have timely objected to this deprivation [of a right granted by a procedural rule] and appealed from an adverse ruling . . . . But this deprivation did not amount to any violation of United's constitutional right to due process." Id. The Court held that actual notice "more than satisfied United's due process rights" and that "Espinosa's failure to serve a summons and complaint does not entitle United to relief under Rule 60(b)(4)." Id.; see also Estate of Shefner ex rel. Shefner v. Beraudiere, 582 F. App'x 9, 12 (2d Cir. 2014) (summary order) (quoting Espinosa: "[T]he Supreme Court has made clear that deprivation of 'a right granted by a procedural rule' does not require Rule 60(b) vacatur as long as the defendant 'received actual notice of the filing and contents of [the pleadings]' . . . .") (alteration in original, citation omitted).

"Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." Espinosa, 559 U.S. at 275. However, that is precisely what defendants did here. Uenjoy was on notice at least as early as September 2018, when "Sarah" informed Jacob Wang of the matter and sent him a copy of the complaint. (Doc 85, Ex. C.) Uenjoy apparently relied on the statement of

"Sarah" that it did not need to "react immediately" to the complaint. (Id.) Defendants have not come forward with evidence of whether "Sarah," a former representative of a "brand agency," is a lawyer and if so, in what jurisdictions she is admitted and on what basis she gave this advice, or in what capacity she was acting. Uenjoy cites this "misunderstanding" as the reason it did not respond. (Doc 86 at 7-8.)

Uenjoy received additional notice of the suit even after "Sarah" sent a copy of the complaint. In July 2019, Amazon sent Uenjoy notice that it had been sued by Mattel in this District, and Uenjoy promptly contacted Mattel's attorneys. (Doc 90, Ex. A.) In communications with Mattel's counsel, Biao Peng, writing from the email address bill@beforeship.com, stated that he would "ask his law[y]er to come with [him]" to a meeting with Mattel. (Doc 90, Ex. A.) Under Biao Peng's name is "Uenjoy Ltd." (Id.) Writing from the same address, but signing a subsequent email as "Bill" from Western Post HK Ltd, "Bill" stated: "We have [] report[ed] this case with our solicitor." (Id., Ex. C.) However, counsel for defendants did not enter an appearance or seek an extension of time to answer, move, or otherwise respond. Instead, defendants waited until after the entry of default judgment to take any action in this case.

PIC was served at its California warehouse on January 3, 2019. (Doc 56.) PIC never responded to the complaint. Defendants now contend that this service was defective because Choi, the warehouse manager who accepted service, "has no connection to Uenjoy or any other [d]efendants" and never forwarded the papers to anyone at PIC. (Doc 86 at 4, 12.) However, as reflected in the affidavit of service, Choi stated that "Leo" (presumably someone affiliated with PIC) "was not in but that he would accept service." (Doc 56.) Under New York law, while "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption of

proper service established by the process server's affidavit and necessitates an evidentiary hearing," the defendant must "swear to specific facts to rebut the statements in the process server's affidavits" for such a hearing to be required.  Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc., 301 F.3d 54, 57-58 (2d Cir. 2002) (internal quotation marks and citation omitted). Mere denials that defendants received service are insufficient to rebut this presumption.

Uenjoy's contention that fayqing@hotmail.com is not a business email address that Uenjoy monitors does not otherwise merit vacatur of the default judgment.  "Due process requires 'notice reasonably calculated . . . to apprise interested parties of the pendency of the action.'"  Burda Media, 417 F.3d at 303 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  The Court previously concluded that "service by email is reasonably calculated under all circumstances to [apprise] interested persons."[3]  (Conf. Tr. of July 17, 2019 (Doc 87) at 5; Doc 58.)  Mattel's counsel found this email address using the "WhoIs" domain name database, which listed this email as affiliated with the registrant of the domain name uenjoy.us.  (Doc 71 ¶¶ 5-6.)  Uenjoy concedes that it operates this website.  (Doc 85 ¶ 10.)  Counsel for Mattel represents that the address appears operational; they repeatedly sent papers to this email address and never received any delivery error notification.  (Doc 71 ¶ 11.)  It was reasonable for Mattel to believe that this email address was used by Uenjoy in connection with its business.

---

[3] Mattel served defendants at this email address after having attempted service via the Hague Convention.  On December 19, 2018, Mattel sent the requisite documents to China to serve defendants Uenjoy and Wang via the Hague Convention.  (Doc 60 ¶ 8.)  Despite multiple emails following up with the Ministry of Justice of China, Mattel never received a certificate of service or any other "substantive update" on service of Uenjoy or Wang.  (Id. ¶ 12.)  Other courts in this District have approved of such means of alternative service where, as here, the plaintiff attempted service via the Hague Convention, and despite following up with the relevant Chinese authority and the passage of several months, had "no indication of when service might be effectuated."  Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 332 (S.D.N.Y. 2015).

B. <u>Defendants' Default was Willful</u>

Defendants alternatively argue that the default judgment should be vacated pursuant to Rule 60(b)(1), Fed. R. Civ. P. The Court disagrees.

Rule 60(b)(1) provides that a party may be relieved from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Fed. R. Civ. P. "In deciding a motion to vacate a default judgment, the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 738 (2d Cir. 1998). A default is willful where it is the result of "more than merely negligent or careless" conduct. <u>Id.</u>

Where a court determines that a default was willful, such a finding "by itself, support[s] its refusal to vacate the challenged default judgment . . . ." <u>United States v. Chesir</u>, 526 F. App'x 60, 62 (2d Cir. 2013) (summary order); <u>Bobrow Greenapple & Skolnik v. Woods</u>, 865 F.2d 43, 44 (2d Cir. 1989) (per curiam) (affirming district court's denial of motion to vacate default judgment where defendants "failed to prove that their neglect had been excusable, even though they showed that they had a meritorious defense and that setting aside the judgment would not prejudice [the plaintiff]."); <u>see also</u> <u>Jarblum, Solomon & Fornari, P.C. v. Becker</u>, No. 87 Civ. 8950 (JFK), 1990 WL 213031, at *3 (S.D.N.Y. Dec. 20, 1990) ("A finding of willful default, however, concludes the [c]ourt's inquiry under Rule 60(b)."), <u>aff'd</u>, 940 F.2d 650 (2d Cir. 1991); <u>United Bank of Kuwait PLC v. Eventure Energy Enhanced Oil Recovery Assocs.</u>, 755 F. Supp. 1195, 1205 (S.D.N.Y. 1989) (where court found defendant's default willful, "there [was] no need to consider whether" a meritorious defense existed, or whether plaintiff would suffer prejudice if the default were vacated).

Here, defendants' default was willful.  As discussed at length above, defendants had notice of the suit as early as September 2018, but did not enter an appearance or otherwise defend this action until a year later.  That defendants relied on the erroneous advice of "Sarah" that receipt of the complaint was only "informal" notice that "legally" did not require any immediate action was to their detriment.  Jacob Wang of Uenjoy asked "Sarah" about attorney's fees in the US, and stated that his boss was "pushing this thing."  (Doc 85, Ex. C.)  Yet, defendants appear not to have retained counsel until August 2019.[4]  Defendants' default was not the result of mere negligence or carelessness; defendants received notice from "Sarah," from Amazon, and, in the case of PIC, in-person service at its warehouse, yet no defendant ever responded to the complaint.

Because the Court concludes that defendants willfully defaulted, it need not reach the issues of whether defendants have meritorious defenses or whether Mattel would be prejudiced by vacatur of the default judgment.

CONCLUSION

For the reasons set forth above, defendants' motion to vacate the default judgment is DENIED.  The Clerk is directed to terminate the motion (Doc 84).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        May 29, 2020

---

[4] The Court notes that in a July 31, 2019 email to Mattel's counsel, "Bill" of Western Post wrote: "We have [] report[ed] this case with our solicitor."  (Doc 90, Ex. C.)  However, counsel for defendants did not enter an appearance until August 5, 2019.  (Doc 76.)